# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ELBERT TATE, | : |
| Petitioner, | : |
| v. | : Case No. 3:25-cv-69-TES-AGH |
| JOHNSON STATE PRISON, *et al.*, | : |
| Respondents. | : |

## **ORDER**

*Pro se* Petitioner Elbert Tate, a prisoner in the Johnson State Prison in Wrightsville, Georgia, filed a document titled "Motion for the Appointment of Counsel Pursuant to 18 U.S.C. § 3006A" (ECF No. 1). In this document, Petitioner requests that the Court appoint counsel to assist Petitioner "with filing a petition for federal habeas corpus under [28 U.S.C.] § 2254 and/or a petition for compassionate release." Mot. to Appoint Counsel 1, ECF No. 1. Petitioner paid a $5.00 filing fee, which is the proper fee for filing a § 2254 action.

This Court does not have the authority to grant Petitioner "compassionate release" from the sentence he is currently serving.[1] The proper remedy for an individual seeking release from custody imposed "pursuant to the judgment of a State

---

[1] A district court may modify a *federal* criminal defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345-46 (11th Cir. 2021). This exception permits the district court to "grant a prisoner's motion for compassionate release after determining that (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) § 3553(a) sentencing factors weigh in favor of a reduction." *Id.* at 1346 (quoting 18 U.S.C. § 3582(c)(1)(A)). Section 3582(c)(1)(A) does not apply to Petitioner because he is not in federal custody.

court" is a petition for habeas corpus pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2254(a). But, to the extent Petitioner seeks to bring a § 2254 case, there is generally no right to legal representation in such a proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel in a § 2254 proceeding is instead proper "[i]f an evidentiary hearing is warranted," if counsel is "necessary for effective discovery," or "if the interests of justice so require." Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). This Court is not yet able to determine whether counsel needs to be appointed in this case. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's request for appointed counsel is **DENIED**.

If Petitioner wishes to proceed with this action as a § 2254 case and without appointed counsel, he must recast his initial pleading using the Court's standard § 2254 form and submit it within **FOURTEEN (14) DAYS** of the date shown on this Order. The Clerk is **DIRECTED** to mail Petitioner copies of the Court's form, marked with the case number of this case, to use for this purpose. Petitioner is also instructed to inform the Court immediately of any change in address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 1st day of July, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE